# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SALEDEEM D. MAJOR,** ) | |
| 1600 Maryland Avenue NE, Apt. 152 ) | |
| Washington, DC 20002, ) | Case: 1:26–cv–02065 JURY DEMAND |
| ) | Assigned To : Cobb, Jia M. |
| ) | Assign. Date : 6/10/2026 |
| Plaintiff, ) | Description: Pro Se Gen. Civ. (F–DECK) |
| ) | |
| v. ) | **COMPLAINT FOR DAMAGES** |
| ) | **UNDER THE FAIR CREDIT** |
| **AMERICAN EXPRESS NATIONAL** ) | **REPORTING ACT,** |
| **BANK,** | |
| 4315 South 2700 West ) | **15 U.S.C. § 1681 et seq.** |
| Salt Lake City, UT 84184, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff Saledeem D. Major, appearing *pro se*, brings this action against

Defendant American Express National Bank and alleges as follows:

## PRELIMINARY STATEMENT

1.    This action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et

seq. (the "FCRA"), and is brought against Defendant American Express

RECEIVED

JUN 10 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

National Bank ("Defendant" or "American Express") for its willful and negligent failure to conduct a reasonable investigation of Plaintiff's consumer dispute as required by 15 U.S.C. § 1681s-2(b), and for its continued furnishing of inaccurate and unverified consumer credit information concerning Plaintiff to nationwide consumer reporting agencies.

2. Plaintiff Saledeem D. Major timely disputed inaccurate information furnished by Defendant to Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC (collectively, the "CRAs"). Each CRA transmitted Plaintiff's dispute to Defendant pursuant to 15 U.S.C. § 1681i(a)(2). Defendant responded by "verifying" the disputed tradeline without conducting any reasonable investigation.

3. The pretextual character of Defendant's verification is established by Defendant's own subsequent written admission. On May 11, 2026, Defendant's Credit Bureau Unit sent Plaintiff a letter demanding that Plaintiff supply his Social Security Number and year of birth before Defendant would address the credit reporting dispute. That demand is fatal to any defense that Defendant conducted a reasonable investigation of the prior CRA-transmitted dispute, because Defendant could not have used identifying information it did not possess to match Plaintiff to any account,

nor could it have rationally "verified" the disputed tradeline as belonging to Plaintiff without that information.

4.  By verifying disputed information without conducting a reasonable investigation and by continuing to furnish that information to the CRAs after notice of dispute, Defendant violated 15 U.S.C. § 1681s-2(b). Plaintiff seeks actual, statutory, and punitive damages, costs, and litigation expenses pursuant to 15 U.S.C. §§ 1681n and 1681o.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which vests federal district courts with original jurisdiction over FCRA actions.

6.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District. Plaintiff received, opened, and acted upon Defendant's communications in the District of Columbia. The inaccurate consumer credit information furnished by Defendant was published to consumer reporting agencies and obtained by users of consumer reports concerning Plaintiff, a District of Columbia resident, causing harm in this District.

7. Defendant is subject to personal jurisdiction in this District because it regularly transacts business in the District of Columbia, including the issuance of consumer credit accounts to District residents and the furnishing of consumer credit information regarding District residents to nationwide consumer reporting agencies, and because the conduct giving rise to this action was directed at a District of Columbia resident.

## PARTIES

8. Plaintiff Saledeem D. Major is a natural person and a "consumer" within the meaning of 15 U.S.C. § 1681a(c). Plaintiff resides at 1600 Maryland Avenue NE, Apt. 152, Washington, DC 20002.

9. Defendant American Express National Bank is a national bank chartered under the laws of the United States, with its principal place of business at 4315 South 2700 West, Salt Lake City, Utah 84184. Defendant regularly furnishes consumer credit information to one or more nationwide consumer reporting agencies and is therefore a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2.

10. At all times relevant to this Complaint, Defendant acted through its employees, agents, servants, contractors, and authorized representatives,

including but not limited to the personnel of Defendant's "Credit Bureau Unit" operating out of P.O. Box 981537, El Paso, Texas 79998. All acts and omissions alleged herein are imputed to Defendant under the doctrine of respondeat superior.

## FACTUAL ALLEGATIONS

### A. The Disputed American Express Tradeline

11. Defendant furnishes to the CRAs a tradeline reflecting an American Express account bearing account number ending in the digits 349992927901 (the "Subject Tradeline").

12. The Subject Tradeline appears on Plaintiff's consumer credit files maintained by Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC.

13. The Subject Tradeline reports information that is inaccurate and incomplete as to Plaintiff. Defendant has been unable to substantiate that the Subject Tradeline relates to Plaintiff at all, as further set forth below. To the extent the Subject Tradeline does relate to Plaintiff, the account-level information furnished by Defendant, including but not limited to the balance, payment history, account status, and reporting dates, is inaccurate and incomplete.

14.    The Subject Tradeline is consumer credit information bearing on Plaintiff's creditworthiness, credit standing, credit capacity, character, and general reputation, and is information of a type used and expected to be used for the purposes set forth in 15 U.S.C. § 1681a(d).

**B. Plaintiff's March 25, 2026 Dispute to the CRAs**

15.    On March 25, 2026, Plaintiff sent written disputes to each of the three nationwide CRAs identifying the inaccuracies in the Subject Tradeline and requesting reinvestigation pursuant to 15 U.S.C. § 1681i.

16.    Plaintiff's March 25, 2026 disputes were transmitted by United States Postal Service Certified Mail bearing tracking number 9207 1902 3589 0900 0038 3785 64. Delivery to the CRAs is confirmed by United States Postal Service tracking records.

17.    Upon receipt of Plaintiff's disputes, each of the three CRAs notified Defendant of the disputes and transmitted the disputed information to Defendant pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Defendant's investigation duties under 15 U.S.C. § 1681s-2(b)(1).

18.    Upon information and belief, the CRAs transmitted Plaintiff's disputes to Defendant by means of the Automated Consumer Dispute Verification

("ACDV") process administered through the e-OSCAR system, which is the industry-standard mechanism by which CRAs convey consumer disputes to furnishers and by which furnishers respond.

## C. Defendant's Cursory "Verification"

19. Following receipt of the CRA-transmitted disputes, Defendant responded to each CRA by reporting that the disputed information was "verified" and that the Subject Tradeline should continue to be reported as previously furnished.

20. Defendant's verification was returned to the CRAs without any meaningful inquiry into the substance of Plaintiff's disputes, without consulting source documents capable of resolving the disputes, and without obtaining or comparing the identifying information necessary to confirm that the Subject Tradeline is attributable to Plaintiff.

21. Following Defendant's verifications, the CRAs continued to publish the inaccurate Subject Tradeline on Plaintiff's consumer credit files.

## D. Plaintiff's April 29, 2026 Written Notice to Defendant

22. On April 29, 2026, Plaintiff sent Defendant a written notice titled "Formal Notice of Non-Compliance and Sham Investigation under 15 U.S.C. § 1681s-2(b)," addressed to American Express, P.O. Box 981537, El Paso, TX

79998. The April 29, 2026 letter referenced the same account number as the Subject Tradeline and detailed Defendant's failure to conduct a reasonable investigation following the CRA-transmitted disputes.

23. Plaintiff's April 29, 2026 letter was transmitted by United States Postal Service Certified Mail bearing tracking number 9207 1902 3589 0900 0039 0274 30. Delivery to Defendant is confirmed by United States Postal Service tracking records.

**E. Defendant's May 11, 2026 Admission Against Interest**

24. On May 11, 2026, Defendant, through its Credit Bureau Unit at P.O. Box 981537, El Paso, Texas 79998, sent Plaintiff a written response (the "May 11 Letter").

25. The May 11 Letter acknowledges receipt of Plaintiff's "inquiry, received on 05/06/2026 regarding the credit bureau reporting of your American Express account referenced above," and states that Defendant requires Plaintiff's "assistance" to "resolve this matter."

26. In the May 11 Letter, Defendant demands that Plaintiff supply, as a precondition to addressing the credit reporting dispute, the following two items of identifying information:

a.   Plaintiff's Social Security Number; and

b.   The Card Member or Customer's year of birth.

27.   The May 11 Letter further states: "The Account Identifier Number referenced above must be included in all correspondence regarding credit bureau reporting, as it is used for furnishing information to the credit reporting agencies."

28.   The May 11 Letter is a written admission by Defendant that Defendant requires Plaintiff's Social Security Number and year of birth before Defendant will address the credit reporting dispute concerning the Subject Tradeline.

29.   The May 11 Letter demonstrates that Defendant either did not possess Plaintiff's Social Security Number and year of birth at the time it "verified" the CRA-transmitted disputes in or about March or April 2026, or, if Defendant possessed that information, Defendant did not consult it during the purported investigation.

30.   Under either scenario, Defendant could not have conducted a reasonable investigation of whether the Subject Tradeline accurately reports information concerning Plaintiff, because reasonable investigation of a

disputed consumer tradeline requires, at a minimum, confirmation that the account is attributable to the disputing consumer through comparison of identifying information.

31. Defendant's reporting of the Subject Tradeline as "verified" to the CRAs, while simultaneously informing Plaintiff in writing that Defendant lacked or had not used the identifying information necessary to attribute the Subject Tradeline to Plaintiff, constitutes a knowingly false representation to the CRAs and to all users of consumer reports who relied on the published Subject Tradeline.

32. The May 11 Letter is also probative of Defendant's standardized practice of returning "verified" responses to CRA-transmitted disputes without conducting any individualized review of the underlying account information. On information and belief, this practice is implemented through automated or semi-automated procedures by which Defendant's personnel rubber-stamp ACDV responses without consulting account records, source documents, or identifying information.

## F. Damages and Continuing Harm

33. As a direct and proximate result of Defendant's conduct, the inaccurate Subject Tradeline remains on Plaintiff's consumer credit files maintained by

the CRAs and continues to be disseminated to users of consumer reports concerning Plaintiff.

34. Plaintiff has suffered actual damages as a direct and proximate result of Defendant's conduct, including but not limited to: harm to credit reputation; reduction or impairment of credit score; denial of credit, denial of favorable credit terms, and increased cost of credit; loss of time and out-of-pocket expense incurred in attempting to correct Defendant's inaccurate reporting, including but not limited to the cost of certified mail tracking numbers 9207 1902 3589 0900 0038 3785 64 and 9207 1902 3589 0900 0039 0274 30; emotional distress, frustration, anxiety, embarrassment, humiliation, and loss of sleep; and other consequential damages to be proven at trial.

35. Plaintiff's injury is concrete and particularized within the meaning of TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), because the inaccurate Subject Tradeline was disseminated to third parties through the CRAs' regular publication of Plaintiff's consumer credit file to users of consumer reports.

## COUNT I

### *Willful Violation of the Fair Credit Reporting Act*

### *15 U.S.C. §§ 1681s-2(b) and 1681n*

36.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 as if fully set forth herein.

37.  Defendant is a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2.

38.  Upon receipt of notice of dispute from a consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2), a furnisher is required by 15 U.S.C. § 1681s-2(b)(1) to:

    a.  Conduct an investigation with respect to the disputed information;

    b.  Review all relevant information provided by the consumer reporting agency;

    c.  Report the results of the investigation to the consumer reporting agency;

    d.  If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the furnisher has furnished the information; and

e.    If an item of information disputed by the consumer is found to be inaccurate or incomplete or cannot be verified, for purposes of reporting to a consumer reporting agency, modify, delete, or permanently block the reporting of that item.

39.    The investigation required by 15 U.S.C. § 1681s-2(b)(1)(A) must be a reasonable investigation. A reasonable investigation requires more than a perfunctory or cursory review and must, at a minimum, include a substantive comparison of the disputed information against the furnisher's records, source documents, or other information capable of confirming or refuting the dispute.

40.    Defendant failed to conduct a reasonable investigation of the CRA-transmitted disputes. Defendant's May 11 Letter establishes that Defendant either did not possess, or did not use, Plaintiff's identifying information when responding to the CRA-transmitted disputes, rendering any purported "verification" of the Subject Tradeline objectively unreasonable.

41.    Defendant willfully violated 15 U.S.C. § 1681s-2(b). Defendant is one of the largest issuers of consumer credit in the United States, possesses sophisticated knowledge of the FCRA, employs compliance personnel charged with FCRA implementation, and maintains the "Credit Bureau

Unit" specifically dedicated to credit reporting matters. Defendant knew or recklessly disregarded the unlawfulness of returning "verified" ACDV responses to CRA-transmitted disputes without conducting a substantive investigation, and Defendant knew or recklessly disregarded the unlawfulness of demanding from Plaintiff identifying information that Defendant either already possessed or that Defendant should have consulted before purporting to verify the Subject Tradeline.

42. Defendant's willfulness is further established by its written admission in the May 11 Letter that the "Account Identifier Number" is the data point Defendant uses for "furnishing information to the credit reporting agencies," coupled with Defendant's failure to confirm through identifying information that the Subject Tradeline was attributable to Plaintiff before furnishing repeated "verified" responses to the CRAs.

43. Pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to recover from Defendant:

a. Actual damages sustained by Plaintiff as a result of the willful violations, or damages of not less than $100 and not more than $1,000;

b. Punitive damages as the Court may allow;

c.  The costs of this action, together with reasonable litigation expenses;

and

d.  Such other relief as is just and equitable.

## COUNT II

### *Negligent Violation of the Fair Credit Reporting Act*

### *15 U.S.C. §§ 1681s-2(b) and 1681o*

44.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 as if fully set forth herein.

45.  In the alternative to Count I, Defendant negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) in the manner described above.

46.  Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to recover from Defendant:

a.  Any actual damages sustained by Plaintiff as a result of the negligent violations;

b.  The costs of this action, together with reasonable litigation expenses;

and

c.      Such other relief as is just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Saledeem D. Major respectfully requests that this Court enter judgment in his favor and against Defendant American Express National Bank as follows:

A.      Awarding Plaintiff actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1681n and 1681o;

B.      Awarding Plaintiff statutory damages of not less than $100 and not more than $1,000 per willful violation, pursuant to 15 U.S.C. § 1681n;

C.      Awarding Plaintiff punitive damages in an amount to be determined by the trier of fact, pursuant to 15 U.S.C. § 1681n;

D.      Awarding Plaintiff the costs of this action and reasonable litigation expenses pursuant to 15 U.S.C. §§ 1681n and 1681o;

E.      Awarding pre-judgment and post-judgment interest at the maximum lawful rate; and

F.      Granting such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: ___June 10th___, 2026

Respectfully submitted,

**Saledeem D. Major**

Plaintiff, Pro Se

1600 Maryland Avenue NE, Apt. 152

Washington, DC 20002

saledeemd.major@gmail.com